EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>Jorge Iván Mártir González<br>(TS-20,658) | 2024 TSPR 121<br><br>214 DPR ___ |

Número del Caso:  CP-2020-0012

Fecha:  15 de noviembre de 2024

Oficina del Procurador General:

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcda. Gisela Rivera Matos
    Procuradora General Auxiliar

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

    Lcda. Melanie Mercado Méndez
    Procuradora General Auxiliar


Representantes legales del querellado:

    Lcda. Lourdes Ivonne Méndez Ortiz
    Lcdo. Carlos A. Padilla Vélez


Comisionado Especial:

    Hon. Luis Roberto Piñero González


Materia:  Conducta Profesional – Censura enérgica por la conducta desplegada durante una vista sobre orden de protección al amparo de la Ley Núm. 246-2011.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Jorge Iván Mártir González (TS-20,658) | CP-2020-0012 | |

PER CURIAM

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

Hoy debemos examinar la conducta de un abogado durante una vista sobre orden de protección al amparo de la derogada Ley Núm. 246-2011 (8 LPRA ante sec. 1101, *et seq*.) conocida como *Ley para la seguridad, bienestar y protección de menores*. Específicamente, el letrado, sin el conocimiento de las partes ni la autorización del Tribunal, grabó con su teléfono los procedimientos y no detuvo la grabación durante el periodo de receso decretado para que las partes discutieran una posible transacción con sus representantes legales. Durante este periodo, la abogada de la parte peticionaria y su cliente permanecieron en la sala, la cual por disposición de ley no está abierta al público.

Nuestros tribunales están equipados para grabar las vistas judiciales. Aún así, hemos reconocido los beneficios de las grabaciones realizadas por los abogados y las abogadas

con sus propios dispositivos para fines de la representación legal y de la administración de la justicia. No obstante, tal proceder siempre está sujeto al control de sala por la jueza o el juez, de forma que se mantenga la solemnidad de los procedimientos, se proteja la confidencialidad de estos cuando sea necesario, así como, aquellos privilegios y derechos que lo requieran.

Por lo tanto, concluimos que la práctica en este foro, así como, las distintas disposiciones y la jurisprudencia que atienden la grabación de los procedimientos judiciales, requieren que las abogadas y los abogados de las partes le expresen al tribunal su intención de grabar los procedimientos con sus equipos o dispositivos y obtengan la debida autorización previa del tribunal para ello. Esto tiene el objetivo de que el foro pueda tomar las diligencias necesarias en consideración al caso particular ante su atención. Asimismo, culminado o detenido el proceso, el abogado debe ser cauteloso ante las consecuencias legales o éticas que pueda conllevar la grabación de las partes, los funcionarios del tribunal y de otras personas.

## I.

El 13 de marzo de 2019, se presentó ante nos una *Orden de descalificación del Lcdo. Jorge Iván Mártir González, RUA 20,658* emitida por la Hon. Michelle Camacho Nieves, para que examinemos la conducta del licenciado Mártir González durante los procedimientos relacionados a una orden de protección al amparo de la Ley Núm. 246-2011, *supra*. Las

determinaciones de hechos estipuladas por las partes expresan que:

1. El Lcdo. Jorge Iván Mártir González fue admitido al ejercicio de la abogacía en Puerto Rico el 17 de febrero de 2016 y al ejercicio de la notaría el 26 de marzo de 2016.
2. La queja AB-2019-0062, asunto que origina la presente querella, es el primer asunto disciplinario del Lcdo. Mártir González.
3. El 26 de diciembre de 2018, [la parte peticionaria] presentó una *Orden de Protección* al amparo de la *Ley para la Seguridad, Bienestar y Protección de* Menores, Ley Núm. 246-2011, 8 LPRA [sec.]1101 *et seq.*, según enmendada, contra [el cliente del licenciado Mártir González] y en protección de su hija menor de edad.
4. El tribunal emitió una *Orden de Protección Ex Parte* contra el [cliente del licenciado Mártir González].
   …
6. A la vista de 8 de febrero de 2019 compareció la [parte peticionaria], representada por la Lcda. Hernández Arocho, y el [cliente] representado por el Lcdo. Mártir González y la Lcda. Vázquez González.
7. La vista fue presidida por la Jueza, Hon. Michelle Camacho Nieves – Jueza Municipal – Sala de Arecibo.
   …
9. Durante la vista, el Lcdo. Mártir González no solicitó la autorización para grabar los procedimientos.
10. El Lcdo. Mártir González utilizó su teléfono celular para grabar los procedimientos de la vista, y lo colocó en su mesa de trabajo.
11. Culminado el examen directo de la peticionaria, la Jueza, Hon. Camacho Nieves, llamó a los abogados de las partes al estrado con el fin de auscultar la disponibilidad de las partes para que dialogaran y llegaran a un acuerdo.
12. El Lcdo. Mártir González solicitó unos minutos para poder conversar con su cliente las distintas propuestas.
13. El tribunal concedió el tiempo solicitado y decretó un receso para que las partes conversaran

con sus clientes sobre la posibilidad de un acuerdo.

14. La Jueza, Hon. Camacho Nieves, se retiró a su despacho hasta que el alguacil de la sala le informó que las partes estaban listas para continuar con la vista.

15. El Lcdo. Mártir González, la Lcda. Vázquez González y su cliente salieron de la sala para dialogar sobre las propuestas que se habían realizado ante el estrado.

16. El Lcdo. González Mártir dej[ó] su dispositivo móvil en el interior de la sala al momento de abandonarla para discutir asuntos con su representado.

17. Durante el receso, la Lcda. Hernández Arocho y la [peticionaria] permanecieron en el interior de la sala.

18. Una vez todas las partes estuvieron nuevamente en la sala, y habiéndose abierto la sesión, la Lcda. Hernández Arocho informó al tribunal que había un celular que estaba grabando los procesos sin autorización del tribunal para grabar la vista.

19. La Lcda. Hernández Arocho objetó esa práctica y argumentó sobre la confidencialidad de los procesos por tratarse de un caso bajo la Ley Núm. 246-2011.

20. El alguacil de sala confirmó que había encontrado un celular durante el receso que estaba activamente grabando.

21. El tribunal observó un teléfono celular que estaba en la mesa contigua al estrado, lugar donde el Lcdo. Mártir González estaba ubicado durante la vista.

22. El Lcdo. Mártir González admitió al tribunal que el teléfono celular era suyo y que había grabado desde sus inicios.

23. El Lcdo. Mártir González reconoció que no solicitó, previamente, autorización del tribunal para grabar los procesos.

24. Cuando el Lcdo. Mártir González, tomó el celular en sus manos, la Jueza, Hon. Camacho Nieves, pudo observar que el dispositivo continuaba grabando lo que sucedía en sala.

25. El Lcdo. Mártir González pidió disculpas al tribunal y expresó que de ordinario ningún juez(a) tiene reparos a que se graben los procesos.

26. A requerimiento del tribunal, el Lcdo. Mártir González inmediatamente borró la grabación en sala

sin escuchar su contenido; ello frente al alguacil, la parte peticionaria y el propio tribunal.[1]

En vista de lo anterior, el tribunal ordenó la descalificación del licenciado Mártir González y refirió su conducta ante nuestra consideración. El licenciado Mártir González expuso que "por inadvertencia u olvido, no solicitó a la Jueza[…] autorización para grabar los procesos. Apunta también, que en el fragor de la contienda judicial, olvidó llevarse fuera de la sala su teléfono móvil".[2] No obstante, sostuvo que el Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, permite el uso de grabadoras o equipo similar por los representantes legales de las partes sin imponer como condición que se solicite previamente la autorización judicial para grabar las vistas.

El 26 de agosto de 2020, el Procurador General sometió la correspondiente querella disciplinaria e imputó al licenciado Mártir González violaciones a los Cánones 31, y 38 de Ética Profesional, *supra*.[3] En su contestación de 15 de noviembre de 2021, el licenciado sostuvo que el Canon 15 de Ética Judicial, *supra*, reconoce un derecho a los abogados a utilizar grabadoras o equipos similares en los procesos judiciales y no lo limitan de forma alguna, salvo que se emita una orden en contrario.[4] Añadió que tampoco existía

---

[1] *Informe final del Comisionado Especial al Hon. Tribunal Supremo de Puerto Rico*, págs. 12-15.
[2] *Id*, pág. 7.
[3] El Informe del Procurador General de 13 de enero de 2020 concluyó que el Lcdo. Jorge Iván Mártir González había violado los Cánones 31 y 38 del Código de Ética Profesional.
[4] *Contestación a la querella*, pág. 6.

evidencia clara, robusta y convincente de que grabó conversaciones confidenciales entre la abogada de la parte peticionaria y su clienta, pues la abogada solo argumentó sobre la confidencialidad de los procesos y el querellado ni la Jueza Camacho Nieves estuvieron presentes en el salón de sesiones para acreditarlo.[5]

El 26 de septiembre de 2023, designamos como Comisionado Especial al Lcdo. Luis Roberto Piñero González. El licenciado Mártir González sostuvo sus argumentos ante el Comisionado Especial. Por otro lado, la Oficina del Procurador General expresó "que el uso y costumbre aceptado por la comunidad legal es solicitar autorización al tribunal para grabar privadamente los procedimientos judiciales. Además, entendemos que, el dejar el teléfono celular grabando en un receso, cuando la otra parte discutiría asuntos relacionados al caso en la sala, es una conducta que se encuentra revestida de impropiedad y no aporta a la consecución de una mejor administración de la justicia".[6]

Las partes acordaron someter el caso por el expediente y el Comisionado Especial emitió su informe el 18 de julio de 2024. Este recomendó la desestimación y archivo de los cargos tras concluir que no existía prueba clara, robusta y convincente de violaciones a los Cánones 31 y 38 de Ética profesional, *supra*, por no existir disposición legal que exija a los abogados solicitar permiso al foro judicial para

---

[5] *Id*. pág. 10.
[6] *Reacción al alegato de la parte querellada*, pág. 2.

grabar las vistas y ante la ausencia de prueba sobre la alegada costumbre que expresara el Procurador General.[7]

A la luz del tracto fáctico descrito procedemos a exponer el derecho aplicable.

## II.

Nuestro ordenamiento jurídico reconoce la publicidad de las vistas judiciales sujeta a la autoridad del Tribunal Supremo para adoptar las reglas para la administración de los tribunales. Art. V, Sec. 7, Const. PR, LPRA, Tomo 1. Véase además, Art. II, Sec. 11., Const. PR, *supra*; Regla 62.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Por ello, como norma general, las vistas judiciales serán celebradas en un salón de sesiones abierto al público y los expedientes correspondientes también son públicos.[8] Cabe señalar que el expediente judicial comprende "toda forma de recoger lo acontecido en las vistas en los salones de sesiones, sea por grabación digital, cinta magnetofónica o videomagnetofónica, taquigráfica o estenotipia". Regla 32(a)(6) de las *Reglas para la Administración del Tribunal de Primera Instancia*, 4 LPRA Ap. II-B. En esta misma línea de acceso y publicidad, hemos autorizado la cobertura electrónica de los procesos judiciales "mediante la toma de

---

[7] *Informe final del Comisionado Especial al Hon. Tribunal Supremo de Puerto Rico*, pág. 20.

[8] La Regla 62.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V) en lo pertinente, también expresa que a diferencia de las vistas judiciales, "[t]odos los otros actos o procedimientos podrán ser realizados o tramitados por un juez o jueza en su despacho, o en cualquier otro lugar, sin necesidad de la asistencia del Secretario o Secretaria u otros(as) funcionarios(as)". Véase, Regla 131 de Procedimiento Criminal (34 LPRA sec. 131).

fotografías y la grabación de audio e imágenes, y su reproducción y difusión por los medios de comunicación" en aquellos casos que se cumpla con una serie de requisitos y siempre bajo el control y supervisión del tribunal. Véase, *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de comunicación en los Procesos Judiciales*, 4A LPRA Ap. XXXIV, (Reglamento de Cámaras).

No obstante, se exceptúan de esta norma aquellos procesos judiciales en los que por la naturaleza del procedimiento, por ley o por el tribunal se disponga lo contrario.[9] Regla 62.1 de Procedimiento Civil, *supra*; Regla 32 (a)(5) de las Reglas para la Administración del Tribunal de Primera Instancia, *supra*; Regla 8 del Reglamento de Cámaras, *supra*.

Un claro ejemplo de los procedimientos para los que se restringe la publicidad y se requiere la confidencialidad (e incluso se castiga su incumplimiento), son los relacionados a la protección, desarrollo y rehabilitación de menores.[10]

---

[9] Contra, A. Bernabé Riefkohl, *Los procedimientos de divorcio y el derecho de acceso a los tribunales: La constitucionalidad de la Regla 62.2 de Procedimiento Civil*, 72 Rev. Jur. UPR 163 (2003).

[10] El Art. 34 de la Ley Núm. 246-2011, (8 LPRA ante sec. 1143), conocida como *Ley para la seguridad, bienestar y protección de menores* expresaba que "[e]l público no tendrá acceso a las salas en que se ventilen los procedimientos al amparo de esta Ley.". Igual expresa el Art. 28 de la vigente Ley Núm. 57-2023, (8 LPRA sec. 1694) conocida como "Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores". Véase además, el Art. 37 de la Ley Núm. 88-1986 (34 LPRA sec. 2208).

Otros procedimientos o intereses reconocidos en los que se puede limitar la publicidad y el acceso incluyen, los testimonios de agentes encubiertos, de testigos de delito, las declaraciones de menores, las víctimas de violencia doméstica y de víctimas de agresión sexual. Reglas 23(c), 131, 131.1 y 185 de Procedimiento Criminal (34 LPRA Ap. II).

En estos casos las leyes expresamente requieren la confidencialidad de los informes, de los expedientes, así como la restricción de las salas donde se lleven a cabo los procedimientos.[11] Sin embargo, para propósitos afines a la administración de los procesos judiciales, los representantes legales de las partes tienen acceso al expediente del caso sujeto al control y supervisión del tribunal.[12]

Específicamente en cuanto a las grabaciones, nuestros tribunales están capacitados para grabar los procedimientos en sus salas, y proveer a las partes y sus representantes copia de las transcripciones de la prueba de forma que se mantenga la integridad del proceso.[13] Para ello, contamos también con salas inteligentes que tienen el sistema de grabación *Digital Court Recorder* (DCR) y la capacidad de grabar las conferencias remotas.

A pesar de contar con esta tecnología, en diversas reglas hemos reconocido a los abogados y abogadas el

---

Véase, Regla 9 del *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de comunicación en los Procesos Judiciales*, 4A LPRA Ap. XXXIV (Reglamento de Cámaras). Véase además, *Pueblo v. Pepín Cortés y otros*, 173 DPR 968 (2008); *Pueblo v. Ortiz Colón*, 207 DPR 100, 117 (2021)("[L]as conversaciones en el estrado son confidenciales y no constan para el record, salvo en dos instancias".).

[11] 4 LPRA sec. 25(e). En el caso particular de la Ley Núm. 246-2011 y la Ley Núm. 57-2023, ambas leyes reconocen como comunicación privilegiada aquellas entre abogado(a)-cliente. (8 LPRA ante sec. 1144 y 8 LPRA sec. 1695)

[12] 8 LPRA sec. 1694; 34 LPRA sec. 2237.

[13] Art. 201 de la Ley Núm. 201-2003 (4 LPRA sec. 25f), conocida como Ley de la Judicatura de 2003.

privilegio de grabar con sus propios dispositivos, principalmente para fines de la representación legal y para la preparación de las transcripciones. Esto está sujeto a la autorización del tribunal.[14] Hacemos hincapié en que este

---

[14] Así, la Regla 5 del Reglamento de Cámaras, *supra*, extiende los **privilegios** concedidos en ese Reglamento a los representantes legales en cuanto al uso de grabadoras para fines de representación legal sin variar ni modificar las disposiciones de los Cánones de Ética Profesional y su interpretación jurisprudencial.

Por otro lado, el Art. 37(c) de la Ley Núm. 88-1986 (34 LPRA sec. 2237), conocida como Ley de Menores de Puerto Rico y la Regla 11.1 de las Reglas de Procedimientos para Asuntos de Menores específicamente limitan la grabación privada de los procedimientos por parte de la defensa o del Procurador de Menores "únicamente para fines de la adecuada preparación del caso". *Pueblo en interés del Menor P.R.B.*, 163 DPR 230 (2004)("[L]as grabaciones particulares que hagan las partes en estos procedimientos, **con la autorización del tribunal**, no forman parte del "expediente judicial", según este término se define en la Regla 10.1 de Procedimiento para Asuntos de Menores, *supra*".). ("Énfasis suplido).

Otras disposiciones relacionadas incluyen, la Regla 32(a)(7) de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, expresa que:
> [c]uando la grabación haya sido tomada por una persona **autorizada** a ello por el tribunal, pero no fuere empleada del tribunal, ésta deberá ponerla dentro de un sobre debidamente identificado, sellado y firmado por la representación legal de las partes. Salvo estipulación en contrario, **la representación legal de la parte que haya solicitado la grabación** será responsable de presentarla en la Secretaría del tribunal el próximo día laborable. (Énfasis suplido).

Además, la Regla 4 de las *Reglas para que el Taquígrafo Vacíe el Contenido de sus Notas en Cintas Magnetofónicas y para la Duplicación del Récord a los Fines de Prepararse la Transcripción de la Prueba*, 4A LPRA Ap XVI, indica que
> [c]uando ha habido una grabación de los procedimientos el tribunal a iniciativa propia, **o a solicitud de cualquiera de las partes podrá autorizar**, con notificación a las partes, o a las otras partes según sea el caso, que se expida copia o se permita copiar la transcripción de la prueba de la cinta concernida. (Énfasis suplido).

Actualmente, en el caso de las video conferencias, "está prohibido grabar o permitir que terceros graben las comparecencias remotas, sin **autorización previa** del Tribunal." (Énfasis suplido). Guías generales para el uso del sistema de videoconferencia en los tribunales de marzo 2020, disponible en https://poderjudicial.pr/documentos/COVID19/Guias-Generales-Videoconfe rencia-2020.pdf (última visita 28 de octubre de 2024). Por otro lado, en cuanto a la desinsaculación del jurado por video conferencia, "está prohibido tomar fotografías, screenshots, grabar o permitir que terceros graben las comparecencias remotas, sin **autorización previa** del Tribunal". (Énfasis suplido). Guías para la celebración de juicios por jurado, disponible en https://poder judicial.pr/documentos/COVID19/ GUIAS-JUICIOS-JURADO.pdf (última visita 28 de octubre de 2024).

reconocimiento no puede evadir la supervisión y control del Tribunal, que como expresáramos, puede disponer lo contrario al considerar las particularidades del caso ante su consideración.

Así, entre las funciones judiciales adjudicativas de los jueces y las juezas, el Canon 15 de los de Ética Judicial, *supra*, exige que mantengan el proceso judicial en un ambiente de solemnidad y respeto. Por lo tanto, aunque ese mismo canon reconoce la función de las grabaciones realizadas por la Oficina de Administración de Tribunales y de la representación legal de las partes, no restringe el control que el tribunal puede ejercer sobre estas. Recordemos que los Cánones de Ética Judicial han sido diseñados para guiar a las juezas y los jueces en el desempeño de sus cargos, por lo que su contenido y alcance es delimitado y aplicado a las realidades particulares que se les presentan en cada caso, y no por ello representan una autorización sin más a favor de terceros y en abstracción de otras disposiciones legales. Preámbulo, Cánones de Ética Judicial, *supra*. Así, el Canon 15 de Ética Judicial expresa que:

> **Las juezas y los jueces mantendrán el proceso judicial en un ambiente de solemnidad y respeto.** Se podrán tomar fotografías o video en el salón del tribunal durante la celebración de sesiones judiciales o recesos y radiodifundir o televisar procedimientos judiciales, solamente según lo autorice el Tribunal Supremo mediante una orden,

---

En cuanto a la preparación de transcripciones, véanse las Reglas 76(c) y 76.1(E) Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Véase además, *Pueblo v. Soler*, 163 DPR 180 (2004).

regla o norma. Éstas garantizarán el acceso del público a los procedimientos judiciales sin que se afecte el logro de un juicio justo e imparcial, sin interrumpir el proceso judicial y sin menoscabar la sana administración de la justicia.

Se podrá permitir la toma de fotografías o video en ocasiones estrictamente ceremoniales.

**Se permitirá el uso oficial de equipo o grabadoras autorizadas por la Oficina de Administración de los Tribunales y el uso de grabadoras o equipo similar por las abogadas y los abogados de las partes.**

Además, se podrá permitir el uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar, para recopilar y transmitir información escrita a través de Internet, siempre que no interfiera con el proceso judicial, su operación sea silenciosa y discreta y no se utilicen para fotografiar, grabar imágenes o audio, radiodifundir ni televisar. No obstante lo anterior, el juez o la jueza podrá restringir o limitar la transmisión en directo de lo que acontece durante el proceso judicial si determina que afectará el logro de un juicio justo e imparcial o la sana administración de la justicia. (Énfasis suplido) 4A LPRA Ap. IV-B.

No cabe duda de que las juezas y los jueces tienen la obligación de mantener el control y dignidad del proceso judicial, y a su vez, de proteger los intereses y derechos de todos los participantes. Por ello, no podemos sino concluir de una lectura de las disposiciones citadas que el tribunal debe conocer y autorizar la grabación de los procedimientos para lograr este objetivo. Esto se hace más patente en aquellos casos en los que la ley, la naturaleza del procedimiento o alguna otra consideración requiere su confidencialidad.

Igual razonamiento permea en el Reglamento de Cámaras, *supra*, por lo que, "el juez o la jueza que preside el proceso

mantendrá la discreción para revocar la autorización
concedida o limitar, restringir o prohibir la cobertura
electrónica del proceso judicial ante su consideración".
Asimismo, enfatiza que las disposiciones de los Cánones de
Ética Profesional mantienen toda su fuerza, y expresamente
señala la protección del privilegio abogado-cliente durante
las grabaciones, incluyendo el periodo de recesos decretados
luego de iniciado el proceso judicial. Regla 5(b)y (f), Regla
9 del Reglamento de Cámaras.

En vista de lo anterior, los representantes legales que
deseen grabar las vistas judiciales con sus propios equipos,
deben antes solicitar la autorización del tribunal e
informar a las partes.[15] Esta obligación no solo redunda en

---

[15] Cabe señalar que, en otras jurisdicciones de Estados Unidos hay
políticas variadas sobre la grabación de las vistas judiciales por los
abogados y abogadas de las partes, así como sobre su trato disciplinario.
Tampoco el American Bar Association (ABA) ha adoptado reglas
disciplinarias específicas sobre este tema. Sin embargo, en la Opinión
informal C-480 de 1961 emitida durante la vigencia de los *Canons of
Professional Ethics*, el Comité de Ética Profesional de la ABA examinó
el uso por un abogado de un instrumento de grabación de testimonios y
conversaciones en sala sin la autorización del tribunal o los testigos.
Bajo los estándares éticos aplicables, concluyó que:

> Canon 22 requires that "the conduct of the lawyer before the
> Court and with other lawyers should be characterized by candor
> and fairness". To use such device without disclosing its use to
> the Court and to opposing counsel would be lacking in the candor
> and fairness required by this Canon. It is the opinion of this
> committee that the use of such a device is not unethical after
> the attention of the court and opposing counsel has been called
> to its use.

En cuanto a la grabación de una conversación sin el consentimiento de
las personas involucradas, véase el tratamiento de la ABA en la Opinión
Formal 377 de 1974 que tomaba en consideración el principio de que los
abogados deben evitar la apariencia de conducta impropia bajo el *Code
of Professional Responsibility*. Véase además, la Opinión formal 01-422
adoptada con la vigencia de las *Model Rules of Professional Conduct*.
Esta última concluyó que:

> Where nonconsensual recording of private conversations is
> prohibited by law in a particular jurisdiction, a lawyer who
> engages in such conduct in violation of that law may violate
> Model Rule 8.4, and if the purpose of the recording is to obtain
> evidence, also may violate Model Rule 4.4.

una buena costumbre de este foro, sino que también está contenida en las diversas disposiciones examinadas. Asimismo, y aún teniendo la autorización del tribunal, exhortamos a los abogados y las abogadas a que tengan cautela al continuar grabando ya culminado o decretado un receso por el tribunal.[16]

### III.

Como mencionamos, al licenciado Mártir González se le imputaron violaciones a los Cánones 31 y 38 de Ética Profesional, *supra.*

El Canon 31 de Ética Profesional, *supra*, expresa que "[u]n abogado debe observar las buenas costumbres establecidas en el foro o en un tribunal determinado; y aun cuando sea permisible legalmente, no debe hacer caso omiso de tales costumbres sin notificar debidamente al abogado contrario".

---

Por otro lado, en el caso de Wisconsin se ha concluido que el análisis de estas controversias depende de las circunstancias de cada situación, pero cuando la grabación incluye a clientes o funcionarios de los tribunales, esta nunca será apropiada. Wisconsin Formal Ethics Opinion EF-24-01, pág. 8, disponible en https: //www.wisbar.org/formembers/ ethics/Ethics%20Opinions/EF-24-01%20Recording%20Others%20Without%20Dis closure%20or%20Consent.pdf (última visita 28 de octubre de 2024) ("The committee believes that surreptitious recordings of court proceedings or off the record interactions with court personnel without the knowledge or prior approval of the court would contravene the statutes and rules that vest management authority in the courts. That such recordings would be without the knowledge and consent of the court cannot be reconciled with the notion that the court controls the way cases proceed.").

[16] Recientemente, en *In re Ochoa D´Acosta*, 210 DPR 122 (2022), examinamos la grabación no autorizada de conversaciones privadas de funcionarios del tribunal durante el receso decretado de una vista judicial.

Por otro lado, el Canon 38 del Código de Ética Profesional, *supra*, expresa en lo pertinente que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Las actuaciones de cada abogado se ven reflejados en la profesión, por tal razón, viola el Canon 38 del Código de Ética Profesional, *supra*, quien incurra en apariencia de conducta impropia, pues estaría quebrantando el deber de exaltar el honor y la dignidad de la profesión legal. *In re Soto Aguilú*, 202 DPR 137 (2019).

Así las cosas, el asunto fue referido a un Comisionado Especial, quien al examinar la prueba incluida en el expediente concluyó que no había prueba clara, robusta y convincente de violación a los Cánones 31 y 38 del Código de Ética Profesional imputados. No obstante, hemos establecido que no estamos obligados a aceptar el informe preparado por un comisionado especial contra un abogado, ya que podemos adoptarlo, modificarlo o rechazarlo. *In re Cardona Estelritz*, 212 DPR 641 (2023); *In re Soto Aguilú*, *supra*; *In re Bermúdez Meléndez*, 198 DPR 900 (2017). Sin embargo, sus determinaciones de hecho merecen nuestra mayor deferencia, por lo que, de ordinario, las sostendremos salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Cardona Estelritz*, *supra*; *In re Bermúdez Meléndez*, *supra*.

Examinado el derecho aplicable, procedemos a aplicarlo a la querella de autos.

## IV.

Nuestros tribunales cuentan con las herramientas y la tecnología necesaria para grabar los procedimientos y proveer esta información a las partes y sus representantes legales. Aún así, hemos reconocido a los representantes legales de las partes el privilegio de grabar las vistas judiciales. Esto sujeto a la autorización, control y supervisión de los jueces y juezas quienes pueden disponer lo contrario en consideración a las particularidades del caso. Por ello, la práctica en nuestros tribunales ha sido que los representantes legales informen a los jueces y juezas su intención de grabar los procedimientos; práctica que también encuentra su fundamento en las distintas disposiciones identificadas. Por lo tanto, no podemos avalar el argumento presentado por el promovido de que el Canon 15 de los de Ética Judicial, *supra*, le otorga el derecho a los abogados y abogadas a grabar todo tipo de caso sin la autorización previa o conocimiento del tribunal.

En el caso de autos, el licenciado Mártir González aceptó haber grabado los procedimientos sin informar ni requerir previamente la autorización del Tribunal, así como, mantener la grabación durante el receso decretado en la sala en la que se quedó la abogada con su representada. Por lo tanto, el letrado actuó incorrectamente al no solicitar previamente autorización al tribunal para grabar la vista,

especialmente en un procedimiento confidencial al amparo de la *Ley para la seguridad, bienestar y protección de menores*. Tampoco necesitamos conocer el contenido de lo discutido por ambas durante el receso para determinar si incluía información protegida por el privilegio abogado-cliente, y por lo tanto, si tal proceder constituyó una violación ética. Esto ocurre pues, ya sea por inadvertencia o no, grabar las conversaciones de la parte contraria con su representante legal mínimamente redunda en una conducta de apariencia impropia.

Sin embargo, siendo esta la primera falta del licenciado Mártir González y reconociendo su disposición para pedir disculpas al tribunal e inmediatamente borrar el contenido de la grabación, nos limitamos en esta ocasión a censurarle enérgicamente por su conducta. Además, le advertimos que, en lo sucesivo, deberá informar al tribunal su intención de grabar los procedimientos y obtener la debida autorización previa del tribunal para ello.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Jorge Iván Mártir González<br>(TS-20,658) | CP-2020-0012 |  |

SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede se censura enérgicamente al Lcdo. Jorge Iván Mártir González. Además, le advertimos que, en lo sucesivo, deberá informar al tribunal su intención de grabar los procedimientos y obtener la debida autorización previa del tribunal para ello.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo